United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAMI HEGGER,

       Plaintiff,

  v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA, et al.,

       Defendants.

No. C 11-04229 WHA

**ORDER DENYING FEE
REQUEST, CONFIRMING
COSTS, AND VACATING
HEARING**

      A bench trial in this ERISA denial-of-disability benefits action entered judgment in favor of defendants. Defendants now move for an award of attorney's fees and costs under 29 U.S.C. 1132(g)(1), which provides a court with discretion to award attorney's fees and costs in an ERISA action. Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. The May 2 hearing is **VACATED**.

      Defendants seek $83,632.50 in attorney's fees plus unspecified supplemental fees and costs incurred in connection with the instant motion. When a prevailing party can point to "some degree of success on the merits," our court of appeals has set forth a five-factor test to determine whether a court should award discretionary fees under Section 1132(g)(1).

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

United States District Court
For the Northern District of California

1    *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010).

2       After due consideration of all the attendant facts and circumstances, this order concludes

3 that an award of attorney's fees to defendants is not warranted.  Defendants' repeated assertions

4 that plaintiff's suit was "meritless" are incorrect.  Plaintiff's arguments at trial had some merit,

5 although defendants ultimately prevailed.  The trial record does contain some evidence of bad

6 faith on the part of plaintiff, but this point was not definitively established.  These factors cancel

7 each other out.  As a result, it is not clear that a fee award would have the effect of deterring non-

8 meritorious suits any more than meritorious ones.

9       As for the remaining factors, the present record does not establish that plaintiff — to

10 whom defendants voluntarily paid disability benefits for five years and who has recently been

11 approved for Social Security benefits — would be able to satisfy a fee award.  It is also clear that

12 the fee request is unrelated to benefitting other ERISA plan participants, and the judgment did

13 not resolve a significant legal question regarding ERISA.

14       Accordingly, defendants' request for attorney's fees (and unspecified supplemental fees)

15 is **DENIED**.  Defendants' request for *non-taxable* costs of $2,837.79 is likewise **DENIED**.

16 Plaintiff argues that the above factors should preclude an award of *taxable* costs as well.  This

17 order disagrees, and the default rule that the losing party pays costs shall be applied.  This order

18 therefore **CONFIRMS** the bill of costs already entered by the Clerk in favor of defendants for a

19 total sum of $1,181.20 (Dkt. No. 73).

20       The May 2 hearing is **VACATED**.  The stipulation to continue the hearing date (Dkt.

21 No. 74) is **DENIED AS MOOT**.

22

23       **IT IS SO ORDERED.**

24

25 Dated:   April 8, 2013.

26                                   WILLIAM ALSUP
                                       UNITED STATES DISTRICT JUDGE

27

28